1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LONNIE WILLIAMS,

11              Plaintiff,                         No. CIV S-11-0426 GEB EFB P

12        vs.

13   GOMEZ, et al.,

14              Defendants.                        ORDER

15   _____/

16          Lonnie Williams, an inmate confined at California State Prison, Sacramento, filed this

17   pro se civil rights action under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has

18   filed an application to proceed in forma pauperis.  This proceeding was referred to this court by

19   Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   **I.     Request to Proceed In Forma Pauperis**

21          Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

22   Dckt. No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

23   (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to

24   collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25   § 1915(b)(1) and (2).

26   ////

1

**II.     Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states cognizable claims against defendants Sgt. Gomez, Sgt. Sparks, C. McElroy, C. Searby, Minton, and Quezada.

For the reasons stated below, the complaint does not state a cognizable claim against defendants Young, Rocha, Rashid, M. Gomez, Wachter, and Kuppinger.  These claims will therefore be dismissed with leave to amend.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

1  framework of a complaint, they must be supported by factual allegations, and are not entitled to

2  the assumption of truth.  *Id.* at 1950.

3      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

4  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

5  the alleged violation was committed by a person acting under the color of state law.  *West v.*

6  *Atkins*, 487 U.S. 42, 48 (1988).  An individual defendant is not liable on a civil rights claim

7  unless the facts establish the defendant's personal involvement in the constitutional deprivation

8  or a causal connection between the defendant's wrongful conduct and the alleged constitutional

9  deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d

10  740, 743-44 (9th Cir. 1978).

11      Plaintiff states that, in retaliation for filing complaints, defendants Sgt. Gomez, Young,

12  Rocha, Rashid, M. Gomez, McElroy, Wachter, Kuppinger, Searby and Quezada conspired to

13  deprive her of access to the courts and her legal and personal property, "deliberately and with the

14  knowledge that plaintiff ha[d] several imminent legal deadlines and timelines to respond to such

15  orders, and telephone conference."  Dckt. No. 1 at 6.

16      It appears that plaintiff may be attempting to state a retaliation claim or an access to the

17  courts claim against these defendants.  Inmates have a federal right to petition for redress of

18  grievances and to file suit without being subjected to retaliation.  *See Rhodes v. Robinson*, 408

19  F.3d 559, 567 (9th Cir. 2005). To prove retaliation, plaintiff must show that a state actor took

20  some adverse action against him because of his protected conduct, and that such action chilled

21  the inmate's exercise of his First Amendment rights and did not reasonably advance a legitimate

22  penological purpose. *See Rhodes*, 408 F.3d at 567-68 (9th Cir.2005); *Barnett v. Centoni*, 31 F.3d

23  813, 815-16 (9th Cir.1994) (per curiam).  Here, plaintiff has not alleged that this conspiracy

24  actually resulted in defendants preventing her from meeting court deadlines, or actually

25  depriving her of her legal and personal property.  (Plaintiff does alleges that defendants Searby,

26  McElroy, Higgins and McMurray destroyed and stole her property, but this appears to be a

3

1   different claim than the one discussed above.)

2       In addition, plaintiff has not pled facts to make out an access to the courts claim.  In

3   *Lewis v. Casey*, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates

4   have a constitutionally protected right to access the courts to bring civil rights actions to

5   challenge their conditions of confinement and to bring challenges to their criminal convictions.

6   518 U.S. at 351, 354-55.  The right is limited to direct criminal appeals, habeas petitions, and

7   civil rights actions. *Id.* at 354-55. To state a claim he was denied access to the courts, plaintiff

8   must allege that the deprivation actually injured his litigation efforts, in that defendants hindered

9   his efforts to bring, or caused him to lose, an actionable claim of this type. *See id.* at 351.  Here,

10  plaintiff has not alleged that defendants actually hindered her efforts to bring, or caused her to

11  lose, such an actionable claim.  Thus, this claim should be dismissed with leave to amend.

12      As plaintiff states no additional claims against defendants Young, Rocha, Rashid, M.

13  Gomez, Wachter, and Kuppinger, claims against these defendants must therefore be dismissed.

14      Plaintiff may proceed forthwith to serve defendants Sgt. Gomez, Sgt. Sparks, C.

15  McElroy, C. Searby, Minton, and Quezada and pursue his claims against only those defendants

16  or he may delay serving any defendant and attempt to state a cognizable claim against defendants

17  Young, Rocha, Rashid, M. Gomez, Wachter, and Kuppinger.

18      If plaintiff elects to attempt to amend his complaint to state a cognizable claim against

19  defendants Young, Rocha, Rashid, M. Gomez, Wachter, and Kuppinger, he has 30 days so to do.

20  He is not obligated to amend his complaint.  However, if plaintiff elects to proceed forthwith

21  against defendants Sgt. Gomez, Sgt. Sparks, C. McElroy, C. Searby, Minton, and Quezada,

22  against whom he has stated a cognizable claim for relief, then within 30 days he must return

23  materials for service of process enclosed herewith.  In this event the court will construe

24  plaintiff's election as consent to dismissal of all claims against defendants Young, Rocha,

25  Rashid, M. Gomez, Wachter, and Kuppinger, without prejudice.

26  ////

1    Any amended complaint must adhere to the following requirements:

2    It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

3    Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

4    complaint, the original pleading is superseded.

5    It must show that the federal court has jurisdiction and that plaintiff's action is brought in

6    the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

7    contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

8    personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

9    *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

10    he does an act, participates in another's act or omits to perform an act he is legally required to do

11    that causes the alleged deprivation).

12    It must contain a caption including the name of the court and the names of all parties.

13    Fed. R. Civ. P. 10(a).

14    Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

15    P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.

16    "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may

17    join, [] as independent or as alternate claims, as many claims . . . as the party has against an

18    opposing party.'  Thus multiple claims against a single party are fine, but Claim A against

19    Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims

20    against different defendants belong in different suits, not only to prevent the sort of morass [a

21    multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

22    required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits

23    or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. §

24    1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2)

25    (joinder of defendants not permitted unless both commonality and same transaction requirements

26    are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims

1  in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

2      The allegations must be short and plain, simple and direct and describe the relief plaintiff

3  seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

4  *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

5  including many defendants with unexplained, tenuous or implausible connection to the alleged

6  constitutional injury or joining a series of unrelated claims against many defendants very likely

7  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

8  plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

9  these instructions.

10      Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended

11  complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

12  allegations and that for violation of this rule the court may impose sanctions sufficient to deter

13  repetition by plaintiff or others.  Fed. R. Civ. P. 11.

14      A prisoner may bring no § 1983 action until he has exhausted such administrative

15  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

16  *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

17  claims are warranted by existing law, including the law that he exhaust administrative remedies,

18  and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims

19  against defendants Sgt. Gomez, Sgt. Sparks, C. McElroy, C. Searby, Minton, and Quezada.

20      Accordingly, the court hereby orders that:

21      1.  Plaintiff's request to proceed in forma pauperis is granted.

22      2.  Plaintiff shall pay the statutory filing fee of $350 for this action.  All payments shall

23  be collected and paid in accordance with the notice to the Director of the California Department

24  of Corrections and Rehabilitation filed concurrently herewith.

25  ////

26  ////

3.  Claims against defendants Young, Rocha, Rashid, M. Gomez, Wachter, and Kuppinger are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obligated to amend his complaint.

4.  The allegations in the pleading are sufficient at least to state cognizable claims against defendants Sgt. Gomez, Sgt. Sparks, C. McElroy, C. Searby, Minton, and Quezada.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed February 15, 2011, six USM-285 forms and instructions for service of process on defendants Sgt. Gomez, Sgt. Sparks, C. McElroy, C. Searby, Minton, and Quezada.  Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and seven copies of the February 15, 2011 complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Sgt. Gomez, Sgt. Sparks, C. McElroy, C. Searby, Minton, and Quezada will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Young, Rocha, Rashid, M. Gomez, Wachter, and Kuppinger without prejudice.

5.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  April 14, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                   FOR THE EASTERN DISTRICT OF CALIFORNIA

7   LONNIE WILLIAMS,

8              Plaintiff,                      No. CIV S-11-0426 GEB EFB P

9        vs.

10  GOMEZ, et al.,

11             Defendants.              NOTICE OF SUBMISSION OF DOCUMENTS

12  _____/

13        In accordance with the court's order filed _____, plaintiff hereby

14  elects to:

15        (1)  _____  consent to the dismissal of defendants Young, Rocha, Rashid, M. Gomez,

16  Wachter, and Kuppinger, without prejudice, and submits the following documents:

17              __1__      completed summons form

18              __5__      completed forms USM-285

19              __6__      copies of the February 15, 2011 Complaint

20  **OR**

21        (2)  _____  delay serving any defendant and files a first amended complaint in an

22  attempt to state cognizable claims against defendants Young, Rocha, Rashid, M. Gomez,

23  Wachter, and Kuppinger.

24  Dated:

25

26                              _____
                                          Plaintiff