IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE WILLIAMS,

        Plaintiff,                      No. CIV S-11-0426 GEB EFB P

    vs.

GOMEZ, et al.,

        Defendants.            ORDER

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants have filed a motion to dismiss or in the alternative to order plaintiff to pay the filing fee.[1] Dckt. No. 21. Plaintiff has filed a motion for default judgment, which the court also construes as an opposition to defendants' motion to dismiss, and a motion for a medical examination. Dckt. Nos. 23, 28.

I.    <u>Motion for Default</u>

      Plaintiff argues that default should be entered against defendants because they filed a motion to revoke her in forma pauperis status instead of filing an answer to the complaint. Dckt. No. 23.

---

[1] The court will issue a ruling on this motion at a later date.

1

Federal Rule of Civil Procedure 55 states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that fact is shown by affidavit or otherwise, the clerk must enter the party's default.

Here, defendants timely filed a motion to revoke plaintiff's in forma pauperis status and dismiss the case, or in the alternative, order plaintiff to pay the filing fee. *See* Dckt. No. 21. By so doing, defendants showed their intention to appear and defend the suit. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("An appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court. This is an affirmative act involving knowledge of the suit and an intention to appear."). Accordingly, defendants complied with Rule 55, and plaintiff's motion for entry of default is denied.

II.     Motion for Medical Examination

Plaintiff has filed a motion asking that the court provide her with a full medical examination so that she can be tested for arsenic and other poisons. Rule 35(a) provides that a court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." But Rule 35 does not give the court authority to appoint an expert to examine a party on his or her own motion. *Brown v. United States*, 74 Fed. App'x 611, 614 (7th Cir. August 11, 2003); *Adams v. Epps*, 2008 WL 4861926 at *1 (S.D. Miss.2008) ("Rule 35 'does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself.' "). *See also Cabrera v. Williams*, 2007 WL 2682163 at *2 (D. Neb. Sept 7, 2007) (denying prisoner's request for medical examination under Rule 35); *Lindell v. Daley*, 2003 WL 23111624 at *1-2 (W.D.Wis. June 30, 2002) (Rule 35 allows the court to "order plaintiff to submit to an examination at the request of the opposing party. . . . The rule is not intended to cover a situation such as the one here, where plaintiff wishes an examination of himself.").

Thus, the rule provides no authority for the court to order a physical examination of plaintiff. Plaintiff's motion for an examination is therefore denied.

III.   Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for default judgment, Dckt. No. 23, is denied.

2. Plaintiff's motion for a medical examination, Dckt. No. 28, is denied.

DATED: November 8, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE