IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE WILLIAMS,

        Plaintiff,                     No. CIV S-11-0426 GEB EFB P

    vs.

GOMEZ, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Defendants Searby, Minton, Sparks, Quezeda, Gomez, and McElroy ("defendants") move to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). Dckt. No. 21. Plaintiff's July 25, 2011 filing is construed as an opposition to defendants' motion. *See* Dckt. Nos. 23, 37. For the following reasons, the court recommends that defendants' motion be granted, and that this action be dismissed unless plaintiff pays the filing fee.

        Defendants request that the court revoke plaintiff's in forma pauperis status because plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim, and does not meet the "imminent danger" of immediate physical injury exception under section 1915(g). Section 1915(g) provides that:

1

> In no event shall a prisoner bring a civil action or appeal . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Pursuant to § 1915(g) a prisoner with three "strikes," meaning prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed as frivolous, malicious, or for failure to state a claim, cannot proceed in forma pauperis. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). Defendants bear the initial burden of producing documentary evidence that allows the court to conclude that the plaintiff has suffered three strikes. *Id.* at 1120 (because docket records will not always reflect the basis for the dismissal, defendants "must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was 'frivolous, malicious or failed to state a claim.'"). If defendants meet this burden, the burden then shifts to the prisoner plaintiff, who must either explain why a prior dismissal should not count as a strike or show that he satisfies the "imminent danger of serious physical injury" exception to § 1915(g). *See id.* "[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception" to § 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. Cal. 2007).

Here, defendants meet their burden of producing evidence allowing the court to conclude that plaintiff has suffered three strikes for purposes of section 1915(g).[1] *See* Dckt. No. 21, Request for Judicial Notice (including: (1) *Williams v. Gonzales*, 1:03-cv-6770 REC WMW P (E.D. Cal. Sept. 10, 2004) (order designating plaintiff as a three strikes litigant under 28 U.S.C.

---

[1] The court hereby takes judicial notice of the court records submitted with defendants' motion to dismiss. *See* Fed. R. Evid. 201(b) (allowing a court to take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *see also MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

§ 1915(g)); (2) *Williams v. Andrews*, 1:01-cv-6222 REC HGB P (E.D. Cal. Feb. 22, 2002) (order dismissing action for failure to state a claim); (3) *Williams v. Wood*, 1:01-cv-6151 REC LJO P (E.D. Cal. Feb. 28, 2002) (order dismissing action with prejudice for failure to state a claim); and (4) *Williams v. Rendon*, 1:01-cv-5891 AWI SMS P (E.D. Cal. Mar. 18, 2002) (order dismissing action for failure to state a claim)).

      Plaintiff fails to either explain why any of the prior dismissals should not count as a strike, or show that she satisfies the "imminent danger of serious physical injury" exception to § 1915(g). In her complaint, plaintiff alleged defendants were poisoning and spitting in her food, which made her severely ill. Dckt. No. 1 at 4. She further alleged that defendants denied her medical care for the poisoning and were not providing her with her HIV medication. *Id.* In her opposition to defendants' motion, she claims she was "in imminent danger of irreparable harm, injuries and death,"at the time she filed the complaint in this action. Dckt. No. 23 at 2.

      In recommending denial of her subsequently filed requests for injunctive relief, however, the undersigned found that plaintiff's declaration stating she had been poisoned with arsenic was "of little probative value, as it appear[ed] to be based solely on conjecture and suspicion." Dckt. No. 26 at 6. The undersigned also determined that plaintiff had "submitted no evidence, other than her own declaration, to support her contentions that defendants have poisoned her or denied her HIV medication." *Id.* at 5; *see also id.* at 6 ("Because plaintiff has not made a convincing showing that she is being poisoned or denied HIV medication, the court is not convinced that irreparable harm will result if her motion is denied or that the balance of equities tips in her favor."); Dckt. No. 39 (district judge's December 16, 2011 order adopting recommendation and denying plaintiff's requests for injunctive relief).

      In light of this record, the undersigned finds that plaintiff's allegations of imminent danger of serious physical injury are not plausible and that the imminent danger exception does not apply. *See Andrews*, 493 F.3d at 1055 (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious

physical injury at the time of filing.); *id.* at 1057 n.11 ("[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful[ ] when they are supported by implausible or untrue allegations that the ongoing practice has produced past harm").

Accordingly, it is hereby recommended that:

1. Defendants' July 12, 2011 motion to revoke plaintiff's in forma pauperis status be granted;

2. Plaintiff's in forma pauperis status be revoked;

3. Plaintiff be directed to pay the filing fee of $350.00 within thirty days of any order adopting this recommendation and be admonished that failure to do so will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 20, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE